UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHRISTINA M. NEWELL,

                          Plaintiff,

        v.

CAROLYN W. COLVIN,
COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.

_____

DECISION & ORDER

15-CV-6262P

        Plaintiff Christina M. Newell ("Newell") brought this action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security (the "Commissioner") denying her application for Supplemental Security Income Benefits ("SSI"). Pursuant to 28 U.S.C. § 636(c), the parties consented to the disposition of this case by a United States magistrate judge. (Docket # 7).

        Both parties filed motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (Docket ## 12, 16). On August 30, 2016, this Court issued a Decision and Order granting the Commissioner's motion for judgment on the pleadings, denying Newell's motion for judgment on the pleadings, and dismissing Newell's complaint with prejudice. (Docket # 18). Currently pending before the Court is Newell's motion for reconsideration of that decision pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. (Docket # 21). For the reasons set forth below, Newell's motion is denied.

        "The standard for granting [a motion to reconsider] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that

the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted).  If the moving party presents no legal authority or facts that the court failed to consider, then the motion to reconsider should be denied.  *Id.* ("a motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided").

Newell maintains that the Court improperly concluded that the Administrative Law Judge's ("ALJ") rejection of Lin's assessed stress limitation was not supported by substantial evidence.  (Docket # 21-2 at 3).  The Court discussed at length the ALJ's rejection of Lin's stress-related limitations and concluded that the ALJ did not err in discounting the opinion on the basis that it was inconsistent with Newell's mental status examinations, which were largely normal, and her activities of daily living.  (Docket # 18 at 29).  Further, the Court concluded that the ALJ was permitted to rely upon the medical opinion of Harding, the non-examining physician, in concluding that Newell retained the capacity to perform simple, low-stress work requiring no more than occasional decision-making.  (*Id.* at 30-32).  In sum, the Court determined that the ALJ's RFC was supported by substantial evidence, and Newell has failed to present any basis to reconsider this decision.  Newell's motion, which simply seeks to relitigate this Court's previous determination, is "not a proper basis for a motion for reconsideration," and denial of the motion is warranted.  *See Charter Oak Fire Ins. Co. ex rel. Milton Fabrics, Inc. v. Nat'l Wholesale Liquidators*, 2003 WL 22455321, *1 (S.D.N.Y. 2003), *aff'd*, 101 F. App'x 860 (2d Cir. 2004).

In her motion, Newell maintains that this Court failed to consider controlling authority that prohibited the ALJ from elevating his lay opinion over Lin's professional medical opinion regarding Newell's stress-related limitations.  (Docket ## 21-2 at 4; 26).  Newell did not

raise this argument in her motion for judgment on the pleadings. (Docket ## 12-1; 23 at 3-5). A motion for reconsideration is not the proper vehicle to litigate issues that could have been, but were not, presented to the court on the underlying motion. *Brooks v. Educ. Bus Transp.*, 2016 WL 3676417, *1 (E.D.N.Y. 2016) (citing *Norton v. Town of Brookhaven*, 47 F. Supp. 3d 152, 155 (E.D.N.Y. 2014) ("arguments raised for the first time on reconsideration are not proper grounds for reconsideration") and *Redd v. New York State Div. of Parole*, 923 F. Supp. 2d 393, 396 (E.D.N.Y. 2013) ("[a] motion for reconsideration is not intended as a vehicle for a party dissatisfied with the [c]ourt's ruling to advance new theories that the movant failed to advance in connection with the underlying motion")). In any event, although the Court did not expressly address this argument because it was never raised, the Court explicitly considered the ALJ's determination to reject the stress-related limitations assessed by Lin and determined it was supported by substantial evidence. That evidence included the medical records, Newell's daily activities, and Harding's medical opinion. Thus, contrary to Newell's argument, the ALJ did not elevate his lay opinion over Lin's opinion; rather, he rejected Lin's opinion as inconsistent with the record evidence – a determination this Court has concluded was supported by substantial evidence.

Newell's motion for reconsideration **(Docket # 21)** is **DENIED**.

**IT IS SO ORDERED.**


                                         *s/Marian W. Payson*
                                         MARIAN W. PAYSON
                                     United States Magistrate Judge

Dated: Rochester, New York
        April 28, 2017